IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02662-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 5 2010

GREGORY C. LANGHAM
CLERK

JERRY LEWIS DEDRICK,

    Plaintiff,

v.

J. M. WILNER, Warden,
BUREAU OF PRISONS,
B. GREENWOOD, AHSA,
B. CINK, P.A.,
MRS. REICHERT, P.A., and
L. MILUSNIC, A.W., et al.,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO ASSIGN CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Jerry Lewis Dedrick is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Pursuant to Magistrate Judge Boyd N. Boland's November 13, 2009, Order construing the instant action as a Prisoner Complaint filed pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), Mr. Dedrick filed a Prisoner Complaint alleging a violation of his constitutional rights. Mr. Dedrick asserts that he has degenerative osteoarthritis joint disease in both his knees, and Defendants are denying him the use of a knee brace, a lower bunk, soft

shoes, and a walking cane, which are necessary to assist him in his daily activities and to manage his chronic pain. Mr. Dedrick seeks injunctive relief and money damages.

Mr. Dedrick indicates on Page Two of the Prisoner Complaint form that he seeks to assert jurisdiction under the All Writs Act. Magistrate Judge Boland correctly found that Mr. Dedrick is raising conditions of confinement claims, which are raised pursuant to **Bivens** in a prisoner complaint and not pursuant to a writ of habeas corpus in a 28 U.S.C. § 2241 habeas action. Furthermore, Mr. Dedrick's request for immediate release is not available in a **Bivens** action.

With respect to the claims asserted against Defendants J. M. Wilner, B. Greenwood, B. Cink, Mrs. Reichert, and L. Milusnic, the action will be drawn to a district judge and to a magistrate judge. As for the BOP, Mr. Dedrick may not sue the BOP for damages in a **Bivens** action. The United States has not waived sovereign immunity for itself or its agencies under **Bivens** for constitutional tort claims. **FDIC v. Meyer**, 510 U.S. 471, 486 (1994); **Chapoose v. Hodel**, 831 F.2d 931, 935 (10th Cir. 1987). Therefore, the money damages claim asserted pursuant to **Bivens** against the BOP is barred by sovereign immunity and must be dismissed.

The Court notes that since Mr. Dedrick initiated this action he has filed several pleadings that border on being malicious and abusive. Mr. Dedrick has filed (1) four requests for the same injunctive relief, Document Nos. 9, 11, 12, and 14; (2) a motion to amend, Document No. 13; (3) a witness list, Document No. 16; (4) a request for summons, Document No. 17; (5) a motion for summary judgment, Document No. 18; (6) a motion for a subpoena, Document No. 19; (7) a motion to enforce a common law

lien, Document No. 20; (8) a request for production of documents, Document No. 22; (9) a motion to show cause, Document No. 26; (10) a request for service, Document No. 27; and finally (11) a motion for a defendant's personnel file, Document No. 28. Most of the motions or requests are either unnecessary or inappropriate and have been denied.

In Mr. Dedrick's pleading titled "Motion to Show Cause Why he has no Assets and no Means by Which to Pay the Designated Initial Partial Filing Fee or Make the Monthly Payments" (Doc. No. 26), he seeks to raise a separate claim regarding misappropriation of federal funds. Mr. Dedrick is reminded that he has been granted leave to proceed pursuant to 28 U.S.C. § 1915 only because of the medical claims that he has presented to the Court in this case. Mr. Dedrick is subject to § 1915(g) restrictions and is attempting to raise a claim in the Motion to Show Cause with which he would not be allowed to proceed unless he paid the $350.00 filing fee in full.

Furthermore, Mr. Dedrick, as he was instructed in the Order dated December 29, 2009, is required to make monthly payments of twenty percent of the preceding month's income credited to his trust fund account or show cause each month why he has no assets and no means by which to make the monthly payment by submitting to the Court a current certified copy of his trust fund account statement. The Motion to Show Cause does not comply with the December 29 Order.

In Mr. Dedrick's Motion for an Order to Enforce a Common Law Lien filed on January 5, 2010, he requests that a common-law lien be issued against Defendants' bank accounts, savings, stocks, bonds, and assets and that he be paid $500.00. A common-law lien is a right to retain possession of a chattel until some debt or demand

due to an individual is satisfied. 3 Pomeroy's Equity Jurisprudence § 1233, at 2959 (4th ed.). Mr. Dedrick may not use a common-law lien to obtain $500.00 from Defendants prior to the disposition of this case. 51 Am. Jur. 2d *Liens* § 26 (persons entitled to assert liens are those who either serve the public in their trades and occupations or those who receive property for the purpose of improving the condition of the property). The Motion to Enforce a Common Law Lien, therefore, will be denied.

Mr. Dedrick is instructed to refrain from filing any inappropriate or abusive pleadings in the future in this case or any other case that he may file or that he has pending with this Court. If Mr. Dedrick continues to file inappropriate or abusive pleadings, he may be subject to sanctions in addition to his 28 U.S.C. § 1915(g) restrictions. Accordingly, it is

ORDERED that the December 15, 2009, Order to Show Cause is discharged. It is

FURTHER ORDERED that Defendant Bureau of Prisons is dismissed from the action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendant Bureau of Prisons from the docketing record as a party to this action. It is

FURTHER ORDERED that the claims asserted against Defendants J. M. Wilner, B. Greenwood, B. Cink, Mrs. Reichert, and L. Milusnic shall be assigned to District Judge Christine M. Arguello, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Michael J. Watanabe. It is

FURTHER ORDERED that Mr. Dedrick's Motion for an Order to Enforce a Common Law Lien (Doc. No. 20) filed on January 5, 2010, is denied. It is

FURTHER ORDERED that Mr. Dedrick's Request for United States Marshal's Summons (Doc. No. 27) is denied as unnecessary. It is

FURTHER ORDERED that Mr. Dedrick's Motion for Court Order Compelling Production of Defendant's Personnel File (Doc. No. 28) is denied as inappropriate.

DATED at Denver, Colorado, this 25 day of January, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO,
United States District Judge, for
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02662-BNB

James Lewis Dedrick
Reg No. 27140-180
USP – Florence
PO Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/25/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk