IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02662-CMA-MJW

JERRY LEWIS DEDRICK,

Plaintiff,

v.

J. M.  WILNER,
B. GREENWOOD,
B. CINK,
MRS. REICHERT, and
L. MILUSNIC,

Defendant.

---

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR AN [sic] COURT ORDER COMPELLING
CO-DEFENDANT, L. MILUSNIC, A.W. TO STOP RETALIATION AGAINST
PLAINTIFF
(Docket No. 114)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**


       This matter is before the undersigned pursuant to an Order Referring Case

issued by Judge Christine M. Arguello on April 7, 2010.  (Docket No. 40).

       Now before the court for a report and recommendation is the pro se incarcerated

plaintiff's Motion for an [sic] Court Order Compelling Co-Defendant, L. Milusnic, A.W. to

Stop Retaliation Against Plaintiff (Docket No. 114).  Defendants (except for unserved

defendant Greenwood) timely filed a response thereto.  (Docket No. 120).  The court

has considered the motion and the response as well as applicable Federal Rules of Civil

Procedure and case law.  In addition, the court has taken judicial notice of the court's

file.  The court now being fully informed makes the following findings, conclusions, and recommendation.

Plaintiff is in the custody of the Bureau of Prisons ("BOP") and is currently housed at the United States Penitentiary ("USP") in Florence, Colorado.  In his Amended Prisoner Complaint (Docket No. 7), filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), plaintiff raises an Eighth Amendment claim, asserting that he has degenerative osteoarthritis joint disease in both knees and that the defendants are denying him the use of a knee brace, a lower bunk, soft shoes, and a walking cane, which are allegedly necessary to assist him in his daily activities and to manage his chronic pain.  Plaintiff states he was given passes for such things at his previous correctional institution (FCI Beaumont-Medium).

In Plaintiff's Motion for an [sic] Court Order Compelling Co-Defendant, L. Milusnic, A.W. to Stop Retaliation Against Plaintiff (Docket No. 114), plaintiff asserts:

> Plaintiff moves + urgest [sic] said court to court order co-defendant, L. Milusnic-A.W. to stop his retaliation against plaintiff for filing this lawsuit against against [sic] him.  On September 17, 2010, Capt. W. Hutchings inform plaintiff to stop by his office in the matter of plaintiff being transferred.  The Capt. W. Hutchings stated that if plaintiff can resolved [sic] this matter with co-defendant. L. Milusnic.A.W., that he would transfer plaintiff, but to no avail.  Co-defendant L. Milusnic-AW refused to sign plaintiff [sic] transfer documents as a form of retaliation against plaintiff, for filing this lawsuit against co-defendant. L. Milusnic-AW.
>
> Plaintiff's request said court to court order co-defendant L. Milusnic-AW by compelling him to stop his retaliation against plaintiff which is a violation of BOP policy + federal law.

(Docket No. 114 at 1).  Plaintiff requests the following relief:

> 1) Plaintiff request for an investigation in this matter of retaliation by co-defendant, L. Milusnic actions in bad faith.

2) Request said court to compelled [sic] co-defendant L. Milusnic-AW to hinder his retaliation against plaintiff for filing this lawsuit against him.

3) Request plaintiff transfer documents be signed immediately by defendant L. Milusnic-AW without prejudice.

(Docket No. 114 at 2).

Plaintiff is essentially seeking injunctive relief. "A temporary restraining order ["TRO"] or preliminary injunction is extraordinary relief." Statera, Inc. v. Henrickson, 2009 WL 2169235, *1 (D. Colo. July 17, 2009). Injunctive relief should be granted only when the moving party clearly and unequivocally demonstrates its necessity. See Schrier v. University of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, the party requesting injunctive relief must establish that: (1) the party will suffer imminent and irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. Id. "In addition to the foregoing factors, a party seeking a [TRO] also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order." Statera, 2009 WL 2169235, *1.

Furthermore, "[b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, . . . [the Tenth Circuit has] identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits."

Schrier, 427 F.3d at 1258-59 (citation and quotations omitted).

Plaintiff is proceeding *pro se.* The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues). "The plaintiff's *pro se* status does not entitle him to application of different rules." Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

In response to the plaintiff's motion, the responding defendants assert the following. The court need not evaluate the motion pursuant to the four-factor analysis for injunctive relief because the plaintiff's request rests on the false premise that he is entitled to a transfer from USP Florence. To the contrary, plaintiff is not even eligible for a transfer to a lesser-security institution at this time because of disciplinary reasons. In

addition, defendant Milusnic engaged in no "retaliation" against plaintiff.  The court lacks

the authority to order that the BOP transfer the plaintiff.  Also, there is no connection

between the plaintiff's Eighth Amendment claim and the transfer issue.  Finally,

plaintiff's motion follows a pattern of motions that lack merit.

This court recommends that the plaintiff's motion be denied.  First, as correctly

asserted by the responding defendants, plaintiff has not established a relationship

between the injunctive relief sought and the underlying civil rights claims.  "A

preliminary injunction is . . . appropriate to grant intermediate relief of the same

character as that which may be granted finally."  De Beers Consol. Mines v. United

States, 325 U.S. 212, 220 (1945).  Plaintiff here, however, seeks relief on "a matter

lying wholly outside the issues in [his] suit."  Id.  He seeks a transfer to another

unspecified facility, but his Prisoner Complaint alleges that the defendants denied

him the use of a knee brace, a lower bunk, soft shoes, and a walking cane.  Plaintiff's

request to require a transfer order be signed bears no relation to the merits of his Eighth

Amendment deliberate indifference claim.  See Hicks v. Jones, 332 Fed. Appx. 505 (10th

Cir. June 17, 2009) (preliminary injunction and TRO properly denied when the request

for such relief bore no relation to the merits of the inmate's deliberate indifference

claim).  This court agrees with the responding defendants that the plaintiff's objection to

a transfer decision is a separate and distinct claim that he should be required to

exhaust, rather than attempting to attach it to the Eighth Amendment claim raised in this

case.

Furthermore, plaintiff has not made any showing that he will suffer immediate

and irreparable injury if his request for injunctive relief is denied.  In fact, plaintiff has

made no showing how he will be harmed if he is not transferred.

In addition, with regard to plaintiff's claim of retaliation, plaintiff has not shown that the challenged action would not have occurred" 'but for' the retaliatory motive." Smith v. Maschner, 899 F.2d 940, 949-50 (10th Cir. 1990). Defendants have shown that plaintiff is ineligible for a transfer to a lesser-security BOP institution. Associate Warden Louis J. Milusnic's statements in his Declaration (Docket No. 120-1) include the following. He does not recall seeing or denying a transfer request for plaintiff while he was acting Warden at USP Florence on September 13, 14, and 17, 2010. In any event, BOP records show that plaintiff arrived at USP Florence on July 31, 2009, as a disciplinary transfer from FCI Beaumont, and plaintiff was assigned a "Management Variable of Greater Security" as a result of his disciplinary transfer. Such "Management Variable" is in effect until June 18, 2011. As long as a "Greater Security Management variable is in effect, Plaintiff is not eligible for transfer to a lesser security facility. I do not recall being presented with a transfer request for Plaintiff while I was acting warden at USP Florence, but if I was, I would have denied the request based upon the information outlined in this paragraph." (Docket No. 120-1 at 3).

Finally, with respect to the plaintiff's request that the court "hinder [defendant's] retaliation against plaintiff for filing this lawsuit against him," "even if this Court was to grant plaintiff the requested relief, it would be impossible to administer because plaintiff is seeking a restraining order against alleged future retaliation. Thus, he is asking this Court to prevent persons from doing something that is entirely speculative in nature . . . . This requested relief is certainly no within the realm of Rule 65(b) . . . ." Bieros v.

Nicola, 857 F. Supp. 445, 447 (E.D. Pa. 1994).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Plaintiff's Motion for an [sic] Court Order Compelling Co-Defendant, L. Milusnic, A.W. to Stop Retaliation Against Plaintiff (Docket No. 114) be **denied**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:      October 8, 2010                s/ Michael J. Watanabe
            Denver, Colorado               Michael J. Watanabe
                                           United States Magistrate Judge