IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02662-CMA-MJW

JERRY LEWIS DEDRICK,

Plaintiff,

v.

J. M. WILNER, Warden,
B. GREENWOOD, AHSA,
B. CINK, P.A.,
REICHER, Mrs., P.A., and
L. MILUSNIC, AW,

Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER
(Docket No. 130)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the undersigned pursuant to an Order Referring Case issued by Judge Christine M. Arguello on April 7, 2010. (Docket No. 40).

Now before the court for a report and recommendation is the pro se incarcerated plaintiff's Motion for a Temporary Restraining Order ("TRO") (Docket No. 130). Defendants filed a response (Docket No. 136), and plaintiff filed a reply (Docket Nos. 137 and 138). The court has considered all of these filings as well as applicable Federal Rules of Civil Procedure and case law. In addition, the court has taken judicial notice of the court's file. The court now being fully informed makes the following

findings, conclusions, and recommendation.

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). Plaintiff is in the custody of the BOP and is currently housed at the United States Penitentiary in Florence, Colorado. In his Amended Prisoner Complaint (Docket No. 7), filed pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), plaintiff raises an Eighth Amendment claim, asserting that he has degenerative osteoarthritis joint disease in both knees and that the defendants are denying him the use of a knee brace, a lower bunk, soft shoes, and a walking cane, which are allegedly necessary to assist him in his daily activities and to manage his chronic pain. Plaintiff states he was given passes for such things at his previous correctional institution (FCI Beaumont-Medium). The relief sought by the plaintiff includes his immediate release from all confinements, a preliminary injunction to receive adequate healthcare at USP Florence, renewal of his medical passes for soft shoes, a knee brace, a walking cane, and a lower bunk, and immediate receipt of a walking cane, soft shoes, and the return of his knee brace, as well as compensatory and punitive damages.

In the motion now before the court, the plaintiff seeks a TRO against defendant B. Clink for denying plaintiff a total knee replacement which plaintiff claims was ordered by Doctors David K. Allred and Jacob F. Patterson. In response, the defendants assert the motion should be denied because (1) none of the parties in this action, including defendant Cink, is authorized to provide the relief plaintiff seeks, (2) it has been

determined that the plaintiff does not require knee replacement surgery at this time, and (3) defendant Cink played no role in that decision.

A TRO "or preliminary injunction is extraordinary relief." <u>Statera, Inc. v. Henrickson</u>, 2009 WL 2169235, *1 (D. Colo. July 17, 2009). Injunctive relief should be granted only when the moving party clearly and unequivocally demonstrates its necessity. <u>See</u> <u>Schrier v. University of Colo.</u>, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, the party requesting a TRO must establish that: (1) the party will suffer imminent and irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. <u>Id.</u>

Furthermore, "[b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, . . . [the Tenth Circuit has] identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits." <u>Schrier</u>, 427 F.3d at 1258-59 (citation and quotations omitted). In addition, a "preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally." <u>De Beers Consol. Mines v. United States</u>, 325 U.S. 212, 220 (1945).

This court recommends that the plaintiff's motion be denied. Plaintiff has failed to demonstrate clearly and unequivocally the necessity of the TRO he seeks. He has

4

made no showing that he will suffer imminent and irreparable injury unless the injunction issues.  In fact, the defendants have submitted evidence, which plaintiff has not disputed, that shows that the premise of plaintiff's motion, namely, that defendant Cink denied him a knee replacement in contravention of two physicians' orders, is false.  No doctor has ordered a knee replacement be done at this time.  Defendants have produced the report of orthopaedic surgeon Jacob F. Patterson who examined the plaintiff on January 29, 2010.  Dr. Patterson's recommendation in that report is as follows:

> Weight loss and intra-articular steroid injection is appropriate, especially on the right knee since it is degenerative anyway.  This could be repeated approximately every 6 months.  If he develops mechanical symptoms, he should have an arthroscopy.  He does have loose bodies in the knee which are asymptomatic and _eventually_, he will need total knee replacement.

(Docket No. 136-1 at 7) (emphasis added).

Furthermore, according to the affidavit of Michael Smith, the Assistant Health Services Administrator at the ADX in Florence, which was submitted by the defendants with their response, Dr. Patterson's recommendation for a graduated approach has been followed.  (Docket No. 136-1).  More specifically, Mr. Smith relates the following, which is supported by applicable portions of the plaintiff's medical record.  On April 13, 2010, P.A. Cink administered a steroid injection in the plaintiff's left knee.  It was noted at that time that the plaintiff walks well without a cane.  Plaintiff was informed that he should follow up at sick call as needed.  The following week, on April 20, 2010, P.A. Cink administered a steroid injection in the plaintiff's right knee, noting that the plaintiff had requested the second injection because it "worked good for left" knee.  Once again,

it was noted that plaintiff walks well without a cane, and he was informed that he should follow up at sick call as needed. P.A. Cink saw the plaintiff at sick call on May 13, 2010, at which time the plaintiff reported that both knees were much better following the steroid injections. There were no clinical encounters between Health Services and plaintiff regarding his knees between May 13, 2010, and December 1, 2010. On December 1, 2010, plaintiff asked a medical staff member (S. Collins) about the status of knee replacement surgery, and that person told plaintiff to report to sick call to schedule another steroid injection "as this was the recommendation made by the orthopedic physician." Plaintiff responded that "he was not going to get any more injections, he wanted his knee replaced." The medical staff member informed plaintiff that Health Services would follow the specialist's recommendation and then they could re-evaluate him for his request. (Docket No. 136-1 at 17).

"In keeping with the principle that government officials are generally afforded wide latitude when fulfilling their discretionary functions, . . . in cases where prisoners allege that inadequate or delayed medical care violated their Eighth Amendment rights, it has been established that '[p]rison officials violate the Eighth Amendment [only] when they are deliberately indifferent to the serious medical needs of prisoners in their custody.'" Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001). "The test for constitutional liability of prison officials 'involves both an objective and a subjective component.'" Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). As the Tenth Circuit has explained:

> to properly set forth an Eighth Amendment claim on which relief may be granted, [the prisoner] must set forth facts demonstrating [1] that his alleged medical need . . . was sufficiently serious to meet the objective

6

> element of the deliberate indifference test, and [2] that the Defendants' delay in meeting that need caused him substantial harm. . . . Finally, to meet the subjective element of the deliberate indifference test, [the prisoner] must allege facts supporting an inference [3] that Defendants knew about and disregarded a substantial risk of harm to his health or safety.

Oxendine v. Kaplan, 241 F.3d at 1276-77 (quotations omitted).

Here, at best, plaintiff has shown a disagreement with the current course of treatment recommended by the orthopaedic surgeon and being followed by the prison's medical staff. Plaintiff states in his reply that he "refused to be continued to be a 'ginny [sic]-pig' for steroid injection every six (6) months when in fact like both doctors stated that plaintiff eventually will need a total knee replacement when plaintiff have loose bodies in his knee." (Docket No. 137 at 1). However, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999). Furthermore, there has been no showing that defendant Cink denied plaintiff a knee replacement. Moreover, the record shows that Cink has been following the treatment recommended by the outside specialist. Plaintiff has not shown any deliberate indifference by prison officials by not scheduling him for a knee replacement at this time. In addition, there has been no showing that Cink could even order the relief sought by the plaintiff in this motion. Therefore, the instant motion should be denied.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Plaintiff's Motion for a Temporary Restraining Order (Docket No. 130) be **denied**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

7

**the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:        December 29, 2010                    <u>s/ Michael J. Watanabe</u>
              Denver, Colorado                     Michael J. Watanabe
                                                   United States Magistrate Judge