IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02662-CMA-MJW

JERRY LEWIS DEDRICK,

Plaintiff,

v.

J. M.  WILNER, Warden,
B. GREENWOOD, AHSA,
B. CINK, P.A.,
REICHER, Mrs., P.A., and
L. MILUSNIC, AW,

Defendants.

---

## RECOMMENDATION ON
## MOTION TO DISMISS OF DEFENDANTS WILNER, CINK, REICHERT AND MILUSNIC (Docket No. 77)
## and
## MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS CINK AND REICHERT (Docket No. 89)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This matter is before the undersigned pursuant to an Order Referring Case issued by Judge Christine M. Arguello on April 7, 2010.  (Docket No. 40).

Now before the court for a report and recommendation are two motions, namely, the Motion to Dismiss of Defendants Wilner, Cink, Reichert and Milusnic (Docket No. 77) and the Motion for Summary Judgment of Defendants Cink and Reichert (Docket No. 89).  With respect to the first motion, plaintiff filed a Response (Docket No. 88), defendants file a Reply (Docket No. 91), and plaintiff filed Responses to the Reply

2

(Docket Nos. 98 and 106).  With respect to the summary judgment motion, plaintiff filed

a Response (Docket No. 92), defendants Cink and Reichert filed a Reply (Docket No.

100), and plaintiff filed a Response to the Reply (Docket No. 105).  The court has

considered all of these filings as well as applicable Federal Rules of Civil Procedure and

case law.  In addition, the court has taken judicial notice of the court's file.  The court

now being fully informed makes the following findings, conclusions, and

recommendations.

Plaintiff is in the custody of the BOP and is currently housed at the United States

Penitentiary in Florence, Colorado.  In his Amended Prisoner Complaint (Docket No. 7),

filed pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>,

403 U.S. 388 (1971), plaintiff raises an Eighth Amendment claim, asserting that he has

degenerative osteoarthritis joint disease in both knees and that the defendants are

denying him the use of a knee brace, a lower bunk, soft shoes, and a walking cane,

which are allegedly necessary to assist him in his daily activities and to manage his

chronic pain.  Plaintiff states he was given passes for such things at his previous

correctional institution (FCI Beaumont-Medium).  Plaintiff also generally complains of a

denial of "follow-up treatment of a constitutional right to healthcare by prison prison [sic]

officials at USP-Florence . . . ," denial of equal protection and due process" (Docket No.

7 at 5), and a conspiracy to deny him health care (Docket No. 7 at 6).  The relief sought

by the plaintiff includes his immediate release from all confinements, a preliminary

injunction to receive adequate healthcare at USP Florence, renewal of his medical

passes for soft shoes, a knee brace, a walking cane, and a lower bunk, and immediate

receipt of a walking cane, soft shoes, and the return of his knee brace, as well as

compensatory and punitive damages.

Defendants Wilner, Cink, Reichert, and Milusnic seek dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds: (1) plaintiff alleges no facts to show personal participation in a constitutional violation by any defendant, (2) plaintiff alleges no facts to show deliberate indifference to a serious medical need, (3) defendants are entitled to qualified immunity, and (4) plaintiff is not entitled to injunctive relief.  Defendants Cink and Reichert also move for summary judgment on the ground that the plaintiff's <u>Bivens</u> claim is barred by 42 U.S.C. § 233(a) because they were Public Health Service Officers when the alleged constitutional violation occurred.  Neither motion was submitted on behalf of defendant Greenwood, who has not yet been served and has not waived service.[1]

**MOTION FOR SUMMARY JUDGMENT**

Rule 56(c)(2) provides that summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions

---

[1]On May 27, 2010, a Process Receipt and Return was filed concerning attempted service upon defendant B. Greenwood.  (Docket No. 63).  That document indicates that personal service could not be effected upon Greenwood because the U.S. Marshal was unable to locate him.  (Docket No. 63).  The document further indicates that the defendant is "[n]ow working at FCC Coleman."  (Docket No. 63).  Consequently, in an Order filed on December 8, 2010 (Docket No. 135), this court directed service by the United States Marshal on Greenwood at FCC Coleman.  To date, however, no proof of service upon Greenwood has been filed.

4

on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)).  "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . .  These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Id.  "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . .  Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)).  "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274.  "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a

verdict for that party." <u>Id.</u> at 1273.

Defendants Cink and Reichert correctly assert in their summary judgment motion (Docket No. 89) that pursuant to § 42 U.S.C. § 233(a),[2] as officers of the Public Health Service they may not be sued in this <u>Bivens</u> action for constitutional violations arising out of the performance of their official duties.  <u>Hui v. Castaneda</u>, 130 S. Ct. 1845, 1848 (2010).  Defendants Cink and Reichert have provided Declarations in which they attest that at the time giving rise to the allegations in the Complaint, they were commissioned officers of the Public Health Service assigned to USP - High Security, in Florence, Colorado.  (Docket Nos. 89-1and 89-2).  Defendant Cink was a Physician's Assistant-Advanced.  (Docket No. 89-1 at 2).  Defendant Reichert was an Advanced Practice Nurse II.  (Docket No.  89-2 at 2).  Both defendants attest that at all times relevant to this case, all of their interactions with plaintiff and actions regarding plaintiff were in the performance of a medical or related function within the course and scope of their

---

[2] Section  233(a) states:

(a) Exclusiveness of remedy

The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).

employment.  (Docket Nos. 89-1 at 2 and 89-2 at 2).  Plaintiff has not controverted

these declarations.  Based on the foregoing, this court finds that the plaintiff cannot

bring a <u>Bivens</u> action against defendants Cink and Reichert and thus that their motion

for summary judgment should be granted.

## MOTION TO DISMISS

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must

accept all well-pled factual allegations in the complaint as true and resolve all

reasonable inferences in the plaintiff's favor.  <u>Morse v. Regents of the Univ. of Colo.</u>,

154 F.3d 1124, 1126 (10th Cir. 1998); <u>Seamons v. Snow</u>, 84 F.3d 1226, 1231-32 (10th

Cir. 1996).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint

fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A

complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead

'enough facts to state a claim to relief that is plausible on its face.'"  <u>Cutter v.</u>

<u>RailAmerica, Inc.</u>, 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting <u>Bell Atlantic</u>

<u>Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do."  <u>Bell Atlantic Corp.</u>, 550 U.S. at 545 (citations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative

level."  <u>Id.</u>  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to

plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical

possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded

claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Since the plaintiff is proceeding without counsel, his pleading has been construed liberally and held to a less stringent standard than formal documents drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . .  At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."  Id.

The moving defendants assert that the plaintiff has alleged no facts to show personal participation in a constitutional violation by any defendant.  "Liability of a Bivens defendant can only be predicated on personal involvement or participation in the alleged [un]constitutional acts."  Blue v. Federal Postal Inspector Skafettie, 2010 WL 502715, *3 (D. Colo. Feb. 10, 2010).  Furthermore, "[b]ecause vicarious liability is inapplicable to Bivens . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009).

Here, this court agrees with the moving defendants that the plaintiff has not pled the requisite personal involvement by any of the defendants.  A review of the Amended

8

Complaint shows that plaintiff did not mention any of the defendants by name when providing the facts that allegedly support his claim. There is no indication as to what any of the particular defendants did, and instead, as asserted by defendants, plaintiff merely lumps all defendants together. This court agrees that the Amended Complaint's generic and conclusory statements regarding the defendants as a group are insufficient to survive a motion to dismiss.

Furthermore, as noted in the motion to dismiss, defendant Wilner is the former Warden at USP Florence, and defendant Milusnic is the former Associate Warden at that facility. Plaintiff has not pled any facts showing that these two officials were personally involved in any decisions or actions concerning plaintiff's medical care. To the extent plaintiff is basing his claim on their supervisory positions, "when a plaintiff sues an official under Bivens . . . for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.'" Dodds v. Richardson, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). "A plaintiff may therefore succeed in a . . . suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Id. at 1199. The Amended Complaint here contains no such averments.

The court also notes that in the Amended Complaint, in Section A. Parties, when listing the named defendants in this action, plaintiff makes conclusory claims of a

conspiracy.  (Docket No. 7 at 2- 3).  Plaintiff has provided no facts to support even an

inference that some plan or joint action existed among the defendants.  Conclusory

allegations of conspiracy are insufficient to state a valid civil rights claim.  <u>See</u>

<u>Tonkovich v. Kansas Bd. of Regents</u>, 159 F.3d 504, 533 (10th Cir. 1998).  Similarly,

plaintiff's general claims of violation of equal protection and due process are also

conclusory and inadequate to state a claim.  <u>See</u> <u>Hall v. Bellmon</u>, 935 F.3d at 1110

("conclosury allegations without supporting factual averments are insufficient to state a

claim on which relief can be based").

   In sum, this court finds that the Amended Complaint fails to state sufficient facts,

which if true, would establish that any of the defendants personally participated in any

violation of his constitutional rights.  Based upon this finding, and in the interest of

judicial economy, the additional bases for dismissal asserted by the moving defendants

have not been addressed.

   **WHEREFORE,** for the foregoing reasons, it is hereby

   **RECOMMENDED** that the Motion to Dismiss of Defendants Wilner, Cink,

Reichert and Milusnic (Docket No. 77) be granted.  It is further

   **RECOMMENDED** that the Motion for Summary Judgment of Defendants Cink

and Reichert (Docket No. 89) be granted.

   **NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

10

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives *de novo* review of the**

**recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**<u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley</u>**

**<u>v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:      January 6, 2011           s/ Michael J. Watanabe
                Denver, Colorado          Michael J. Watanabe
                                      United States Magistrate Judge