IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02662-CMA-MJW

JERRY LEWIS DEDRICK,

Plaintiff,

v.

J. M. WILNER, Warden,
B. GREENWOOD, AHSA,
B. CINK, P.A.,
REICHER, Mrs., P.A., and
L. MILUSNIC, AW,

Defendants.

---

**RECOMMENDATION ON**
**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**
**(Docket No. 149)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the undersigned pursuant to an Order Referring Case issued by Judge Christine M. Arguello on April 7, 2010. (Docket No. 40).

Now before the court for a report and recommendation is yet another Motion For a Temporary Restraining Order ("TRO") filed by the pro se incarcerated plaintiff (Docket No. 149). In this motion, plaintiff seeks a TRO against non-party S. Collins, who allegedly is the new medical supervisor at USP Florence, namely, an order compelling S. Collins to provide plaintiff with a total knee replacement at an outside hospital or a transfer to a Bureau of Prisons' medical institution. Plaintiff alleges that Ms. Collins has

also denied plaintiff a total knee replacement on both of the plaintiff's knees. Plaintiff further claims that Captain W. Hutchings agreed to transfer plaintiff to a federal medical institution for a knee replacement, to no avail, because S. Collins disagreed with treatment to provide knee replacement to plaintiff.

On December 29, 2010, this court issued a "Recommendation on Plaintiff's Motion for Temporary Restraining Order (Docket No. 130)" (Docket No. 139). That Recommendation is incorporated by reference herein. In that previous motion for a TRO, plaintiff sought a TRO against defendant B. Clink for denying plaintiff a total knee replacement which plaintiff claimed was ordered by Doctors David K. Allred and Jacob F. Patterson. This court recommended that the plaintiff's motion be denied, finding that the plaintiff failed to demonstrate clearly and unequivocally the necessity of the TRO he sought, having made no showing that he will suffer imminent and irreparable injury unless the injunction issues. This court noted that in fact, the defendants had submitted evidence, which plaintiff did not dispute, that showed that the premise of plaintiff's motion, namely, that defendant Cink denied him a knee replacement in contravention of two physicians' orders, was false. Significantly, no doctor had ordered a knee replacement be done at that time.

Defendants at that time produced the report of orthopedic surgeon Jacob F. Patterson who examined the plaintiff on January 29, 2010. Dr. Patterson's recommendation in that report was as follows:

> Weight loss and intra-articular steroid injection is appropriate, especially on the right knee since it is degenerative anyway. This could be repeated approximately every 6 months. If he develops mechanical symptoms, he should have an arthroscopy. He does have loose bodies in the knee which are asymptomatic and <u>eventually</u>, he will need total knee

replacement.

(Docket No. 136-1 at 7) (emphasis added).

Furthermore, according to the affidavit of Michael Smith, the Assistant Health Services Administrator at the ADX in Florence, which was submitted by the defendants with their response to the previous motion, Dr. Patterson's recommendation for a graduated approach has been followed. (Docket No. 136-1). More specifically, Mr. Smith related the following, which was supported by applicable portions of the plaintiff's medical record. On April 13, 2010, P.A. Cink administered a steroid injection in the plaintiff's left knee. It was noted at that time that the plaintiff walks well without a cane. Plaintiff was informed that he should follow up at sick call as needed. The following week, on April 20, 2010, P.A. Cink administered a steroid injection in the plaintiff's right knee, noting that the plaintiff had requested the second injection because it "worked good for left" knee. Once again, it was noted that plaintiff walks well without a cane, and he was informed that he should follow up at sick call as needed. P.A. Cink saw the plaintiff at sick call on May 13, 2010, at which time the plaintiff reported that both knees were much better following the steroid injections. There were no clinical encounters between Health Services and plaintiff regarding his knees between May 13, 2010, and December 1, 2010. On December 1, 2010, plaintiff asked a medical staff member (S. Collins) about the status of knee replacement surgery, and that person told plaintiff to report to sick call to schedule another steroid injection "as this was the recommendation made by the orthopedic physician." Plaintiff responded that "he was not going to get any more injections, he wanted his knee replaced." The medical staff member informed plaintiff that Health Services would follow the specialist's recommendation and then they

could re-evaluate him for his request. (Docket No. 136-1 at 17).

This court's recommendation on the plaintiff's previous motion for a TRO was accepted by Judge Arguello just over a month ago on January 11, 2011. (Docket No. 143).

In the instant motion for a TRO, plaintiff has provided no evidence which establishes that knee replacements are necessary at this time. He essentially seeks the same injunctive relief that was just denied last month. Therefore, for the same reasons stated in this court's previous report and recommendation (Docket No. 139), it is once again recommended that the plaintiff's motion for a TRO be denied.

Without any new medical evidence, plaintiff's repeated motions for the same relief are groundless and frivolous. Plaintiff should be placed on notice that he may very well be subject to the issuance of sanctions should he file any additional motions of this type without new medical evidence indicating that a knee replacement is actually warranted at that time but is being denied.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Plaintiff's Motion for a Temporary Restraining Order **(Docket No.149)** be **denied**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need**

**not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: February 18, 2011
Denver, Colorado

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge